### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

NORMAN D. FEKRAT,                              *
                                               *
    PLAINTIFF                              *
                                               *
v.                                             *       Case No.: 18 - 217
                                               *
LEMKO CORPORATION, NICHOLAS                    *
LABUN, SHAOWEI PAN, BO PYSKIR                  *
and JOE BARR,                                  *
                                               *
    DEFENDANTS.                            *
**************************************************************************

### COMPLAINT

Plaintiff Norman Fekrat ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Lemko Corporation, Nicholas Labun, Shaowei Pan, Bo Pyskir, and Joe Barr (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq*. ("DCWPA") as set forth below.

### PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of the District of Columbia.

2.    By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action to recover unpaid wages and statutory damages under the FLSA, DCMWA, and DCWPA.

3.    Lemko Corporation is a privately held corporation formed under the laws of the State of Illinois and with its principal place of business located in the State of Illinois.

4.      At all times relevant to this action, Nicholas Labun ("Labun") was and currently is the majority shareholder and Chief Executive Officer of Lemko Corporation.

5.      At all times relevant to this action, Bohdan "Bo" Pyskir ("Pyskir") was the President and Chief Operating Officer of Lemko Corporation.

6.      At all times relevant to this action, Joe Barr ("Barr") was and currently is the Chief Financial Officer of Lemko Corporation.

7.      At all times relevant to this action, Shaowei Pan ("Pan") was and currently is the Chief Technology Officer of Lemko Corporation.

8.      At all times relevant to this action, Labun, Pyskir, Pan and Barr were citizens and residents of the State of Illinois.

9.      At all times relevant to this action, Labun, Pyskir, Pan and Barr (collectively the "Individual Defendants") were the primary owners and/or controlling officers of Lemko Corporation.   In this capacity, Labun, Pyskir, Pan and Barr individually:

   a.   were personally in charge of managing and controlling all business operations for Lemko Corporation;

   b.   were Plaintiff's most senior managers and supervisors;

   c.   oversaw and evaluated Plaintiff's job duties;

   d.   made or delegated the decision to hire Plaintiff;

   e.   set and determined Plaintiff's job duties and responsibilities;

   f.   set and determined Plaintiff's rate and method of pay;

   g.   set, controlled, and monitored Plaintiff's work schedule.

   h.   maintained or caused to be maintained all work and employment

2

records relating to Plaintiff;

    i.   made or delegated the decision to terminate Plaintiff's employment and

    j.   made all decisions related to Plaintiff's pay.

10.    At all times relevant to this action, Plaintiff worked from a home office located within the District of Columbia.

11.    More than fifty percent (50%) of Plaintiff's job duties giving rise to this action occurred within the District of Columbia.

12.    At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

13.    At all times relevant to this action, Defendants' had gross annual revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14.    Labun, Pyskir, Pan and Barr acted directly or indirectly in the interests of Lemko Corporation in relation to Plaintiff and are therefore employers within the meaning of § 3(d) of the FLSA (29 U.S.C. § 203(d)).

15.    Pursuant to the foregoing, at all times, Lemko Corporation and the Individual Defendants were Plaintiff's "employers" or "joint employers" for purposes of the FLSA, DCMWA, and DCWPA.

16.    This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter

jurisdiction is invoked under 28 U.S.C. § 1331. Alternatively, subject matter jurisdiction is invoked under 28 U.S.C. § 1332, as there exists complete diversity between Plaintiff and each Defendant and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

17.     Plaintiff was employed by Defendants in Washington, DC as their Chief Strategy and Revenue Officer for the period of about January 29, 2013 through about July 31, 2017 (about 234 weeks).

18.     While employed, Plaintiff typically and customarily worked between 40 and 60 hours per week.

19.     At the time of his hire, Plaintiff was promised an annual salary of $200,000, payable bi-monthly, as well as commissions of up to $200,000 and shares of Lemko common stock options. Plaintiff's promised annual salary remained the same throughout his employment.

20.     Under the terms of Plaintiff's compensation package, $100,000 of his 2013 base pay was deferred to 2014 such that Plaintiff's total non-equity compensation in 2013 should have totaled $100,000 and Plaintiff's total non-equity compensation in 2014 should have totaled $300,000.

21.     In exchange for his deferred compensation, Plaintiff was promised 250,000 shares of Lemko non-qualified common stock options in addition to the repayment of all deferred compensation.

22.     Defendants failed and refused to repay to Plaintiff any deferred compensation in 2014 and instead deferred an additional $50,000 such that Plaintiff's

total non-equity compensation in 2014 only totaled $150,000.

23.     Defendants failed to grant Plaintiff non-qualified stock options in exchange for Plaintiff's agreement to defer compensation, as promised.

24.     In total, Defendants failed to pay Plaintiff promised wages totaling $155,320.51 between January 29, 2013 and December 31, 2014.

25.     From January 1, 2015, through Plaintiff's termination on July 31, 2017, Defendants repeatedly and willfully failed and refused to pay Plaintiff all promised wages.

26.     Specifically, Plaintiff received partial wages for the pay periods ending on 5/31/16 and 7/15/16, and did not receive any promised wages for the pay periods ending on 2/15/15, 6/15/16, 6/30/16, or for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

27.     In total, from January 1, 2015 through Plaintiff's termination on July 21, 2017, Defendants failed and refused to pay Plaintiff promised wages totaling $211,583.33.

28.     As a result of Defendants repeated and willful failure to pay Plaintiff his promised wages, Defendants did not pay Plaintiff on a salary basis for the pay periods ending on 2/15/15, 5/31/16, 6/15/16, 6/30/16, and 7/15/16, and did not pay Plaintiff on a salary basis for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

29.     Plaintiff was a non-exempt employee under Federal and District of Columbia overtime compensation laws for the pay periods ending on 2/15/15, 5/30/16, 6/15/16, 6/30/16, and 7/15/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

30.     Plaintiff worked approximately 40 to 50 hours per week for the pay periods ending on 2/15/15, 5/30/16, 6/15/16, 6/30/16 and 7/15/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

31.     Defendants repeatedly and willfully violated Federal and District of Columbia overtime compensation laws because Defendants failed to pay Plaintiff overtime wages at the time-and-one-half rate for any workweeks in which Plaintiff worked more than forty (40) hours for the pay periods ending on 2/15/15, 5/30/16, 6/15/16, 6/30/16, and 7/15/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

32.     Defendants owe Plaintiff unpaid time-and-one-half overtime wages for the pay periods ending on 2/15/15, 5/30/16, 6/15/16, 6/30/16, and 7/15/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17, in each of which Plaintiff worked more than 40 hours.

33.     Defendants repeatedly and willfully violated Federal and District of Columbia minimum wage laws by failing to pay Plaintiff the applicable minimum hourly rate for the pay periods ending on 2/15/15, 6/15/16, and 6/30/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

34.     At all times, Defendants had actual knowledge of the Federal and District of Columbia wage payment and overtime compensation laws.

35.     At all times, Defendants had actual knowledge that the rate and method by which Defendants paid (or failed to pay) Plaintiff was in direct violation of Federal and District of Columbia wage payment, overtime compensation and minimum wage laws.

36.     On August 26, 2013, the Defendant Lemko and Plaintiff entered into a

Convertible Debenture Agreement in which Plaintiff agreed to provide Defendant Lemko with a loan in the principal amount of $125,000.

37.     In exchange for Plaintiff's agreement to provide Defendant Lemko with a loan in the principal amount of $125,000, Defendant Lemko agreed to repay Plaintiff the principal sum of $125,000 on or before December 31, 2014, plus interest at the rate of 9% per annum beginning on March 31, 2014.

38.     In the event of a default, Defendant Lemko agreed to pay Plaintiff interest at a rate of 15% per annum (or the maximum rate permitted by law) from the date such interest is due through and including the date of payment in full.

39.     Pursuant to the terms of the Convertible Debenture Agreement, Plaintiff had the right, at his option, to convert all or any lesser portion of the principal amount, plus accrued and unpaid interest thereon, in shares of Lemko Common Stock.

40.     Plaintiff has not requested conversion of the principal amount into shares of Lemko Common Stock pursuant to the Convertible Debenture Agreement.

41.     Defendant Lemko did not repay Plaintiff any portion of the principal sum of $125,000 on or before December 31, 2014 as required by the Convertible Debenture Agreement, and has not repaid Plaintiff any portion of portion of the principal sum of $125,000 at any time since December 31, 2014.

42.     To date, Defendant Lemko has not paid to Plaintiff any accrued interest on the principal sum of $125,000 as required by the Convertible Debenture Agreement and is currently in default on the Convertible Debenture Agreement.

43.     Under the terms of Plaintiff's compensation package, Plaintiff earned 885,000 shares of Lemko non-qualified common stock options during his employment.

44.     To date, Defendant Lemko has granted Plaintiff only 50,000 of the 885,000 shares of Lemko non-qualified common stock options earned by Plaintiff during his employment.

45.     Defendant Lemko has failed and refused to grant Plaintiff the remaining 835,000 shares of Lemko non-qualified common stock options earned by Plaintiff during his employment.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act
(Against All Defendants)**

46.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

47.     The FLSA required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the FLSA required time-and-one-half rate.

48.     The FLSA required Defendants to pay Plaintiff minimum wage of at least $7.25 per hour.

49.     As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the Fair Labor Standards Act's overtime requirements for the pay periods ending on 2/15/15, 5/30/16, 6/15/16, 6/30/16, and 7/15/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

50.     As set forth above, Defendants failed to pay Plaintiff the federally mandated minimum hourly rate in compliance with the Fair Labor Standards Act's minimum wage requirements for the pay periods ending on 2/15/15, 6/15/16, and 6/30/16, and for the twenty-two bi-monthly pay periods between 9/1/16 and 7/31/17.

51.     Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for unpaid overtime wages in an amount to be proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Against All Defendants)

52.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

53.     District of Columbia law required Defendants to pay Plaintiff minimum wage for all hours worked and for overtime worked over forty (40) hours per week at the DCMWA required time-and-one-half rate.

54.     As set forth above, Defendants failed to pay Plaintiff minimum wage in compliance with the District of Columbia DCMWA or overtime compensation in compliance with the District of Columbia DCMWA time-and-one-half requirements.

55.     Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid minimum wages and unpaid overtime wages in an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple (4x) damages), interest (both pre- and post-judgment), attorney's fees, costs,

and any other and further relief this Court deems appropriate.

**COUNT III**
**DC Wage Payment Act - Unpaid Wages**
**(Against All Defendants)**

56.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

57.     Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

58.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

59.     Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

60.     Defendants owe Plaintiff wages for work duties performed as set forth above.

61.     Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

62.     Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any bona fide dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple (4x) damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
### Breach of Contract
### (Against All Defendants)

63.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

64.     Defendants and Plaintiff entered into an employment contract in which the parties mutually agreed that in return for agreeing to a deferred salary in the first year of his employment, Plaintiff would be granted 250,000 shares of Lemko non-qualified common stock options.

65.     Defendants and Plaintiff entered into an employment contract pursuant to which Plaintiff earned 885,000 shares of Lemko non-qualified common stock options during his employment.

66.     Defendants have failed to grant Plaintiff the promised shares of non-qualified common stock options and have failed to pay Plaintiff the salary that he agreed to defer and have breached their agreement with Plaintiff by failing to do so.

67.     Defendants have failed to grant 835,000 shares of Lemko non-qualified common stock options earned by Plaintiff during his employment.

68.     Defendants have failed to pay Plaintiff wages promised pursuant to his employment contract.

69.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has been damaged and is entitled to recover damages in an amount to be determined at trial.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count IV, for the value of promised non-qualified common stock options that Defendants have failed to grant pursuant to their agreement with Plaintiff, deferred salary that Defendants have failed to pay Plaintiff in an amount to be proven at trial, unpaid wages, plus interest (both pre- and post-judgment), costs, and any other and further relief this Court deems appropriate.

## COUNT V
### Breach of Contract
### (Against Defendant Lemko)

70.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

71.     On August 26, 2013, Defendant Lemko and Plaintiff entered into a Convertible Debenture Agreement in which Plaintiff agreed to provide Defendant Lemko with a loan in the principal amount of $125,000, which was to be repaid with interest on or before December 31, 2014.

72.     Defendant Lemko failed and has refused to repay Plaintiff any of the principal loan amount as required by the Convertible Debenture Agreement.

73.     Defendant Lemko has not paid any interest to Plaintiff as required by the Convertible Debenture Agreement.

74.     Defendant Lemko has breached and is currently in default on the Convertible Debenture Agreement.

75.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has been damaged and is entitled to recover damages in an amount to be determined at trial.

WHEREFORE, Defendant Lemko is liable to Plaintiff under Count V, for repayment of the principal loan amount of $125,000, interest in the amount of 15% per annum from March 31, 2014 to the present, post judgment interest, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted this the 31st day of January, 2018.

Barrett Law Offices, PLLC.

BY: _____
WILLIAM P. BARRETT
*To be Admitted Pro Hac Vice*
North Carolina Bar No. 19545
JOSHUA M. KRASNER
To be Admitted Pro Hac Vice
North Carolina Bar No. 19132
*Attorneys for Plaintiff*
5 W. Hargett St., Suite 910
Raleigh, NC 27601
Telephone: (919) 999-2799
Facsimile: (919) 999-2711
wbarrett@barrettlawoffices.com
jkrasner@barrettlawoffices.com

Zipin, Amster & Greenberg, LLC

BY: _____
Gregg C. Greenberg
DC Federal Bar No. MD17291
*Attorneys for Plaintiff*
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

13